UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARLON BELL,

    Petitioner,                    Civil No. 1:06-CV-15688
                                        HONORABLE THOMAS L. LUDINGTON
                                        UNITED STATES DISTRICT JUDGE
v.

ANDREW JACKSON,

    Respondent,
_____/

## SECOND ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 28, 2006, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by June 28, 2007. Respondent filed an answer to the petition on June 27, 2007. Respondent, however, has failed to file the Rule 5 materials. These materials are necessary for resolving petitioner's claims.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each

1

allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the court orders respondent to produce the Rule 5 materials within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 8, 2007.

S/G. Wilson
Judicial Assistant